THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ETHIAN DE JESUS-GUZMAN,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 19-2159 (ADC)
[Related to Crim. No. 3:15-cr-00644-2 (ADC)]

## OPINION AND ORDER

Pending before the Court is Ethian De Jesús-Guzmán's motion under §2255 and memorandum in support. **ECF No. 3.** For the following reasons, petitioner's motion is **DENIED WITH PREJUDICE** as untimely under 28 U.S.C § 2255(f).

## I.    Procedural Background

On October 21, 2015, a grand jury returned an indictment against petitioner and another defendant. **Crim. No. 15-644-2 (ADC), ECF No. 14**. On June 15, 2016, before US Magistrate Judge Marcos E. López, petitioner plead guilty to Count One of the Indictment charging him with aiding and abetting a carjacking in violation of 18 U.S.C. §2119(1) and (2). *Id*. at **ECF Nos. 51, 52, 53.** This Court adopted Magistrate Judge López's Report and Recommendation, and on October 13, 2016, petitioner was sentenced to 140 months of imprisonment and 3 years of supervised release. *Id.* at **ECF Nos. 55, 56, 73, 74**. Petitioner did not appeal.

**Civil. No. 19-2159 (ADC)**                                                      **Page 2**

On November 20, 2019, petitioner filed the instant §2255 motion, alleging ineffective

assistance of counsel and "an excessive sentence." **ECF No. 3**.  As discussed below, this Court

need not delve into petitioner's substantive arguments since his petition is time-barred.

## II.    Analysis

Title 28 of United States Code § 2255(f) establishes a one-year period of limitations for

motions under § 2255.  In general, this period may run from one of four instances,

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental
action in violation of the Constitution or laws of the United States is removed, if the
movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme
Court, if that right has been newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have
been discovered through the exercise of due diligence. 28 U.S.C. §2255(f).

The Court entered judgment against petitioner in **Crim. No. 15-644-2 (ADC),** on October

13, 2016. **Crim. No. 15-644-2 (ADC), ECF Nos. 73, 74.** Petitioner did not file an appeal, rendering

a timely habeas petition due within one year of when such judgment became final. For purposes

of § 2255(f)(1), such a conviction becomes final when the time for filing an appeal expires. *See*

*Martínez-Serrano v. United States*, No. 11-1077, 2012 U.S. Dist. LEXIS 171941, *3 (D.P.R. Nov. 30,

2012). Because petitioner did not file an appeal, his conviction became final on November 12,

2016. Petitioner, nevertheless, filed his 2255 motion on November 20, 2019, over three years after

his conviction became final. *See* **ECF No. 3.**

Petitioner acknowledges that his petition is untimely but asks this Court to apply the doctrine of equitable tolling. **ECF No. 3-1** at 2-4. According to petitioner, he has faced "multiple and insurmountable difficulties" in mounting a collateral attack on his sentence, which constitute "extraordinary circumstances." Petitioner cites that he was unaware of AEDPA's time limitations, was unable to contact his trial counsel despite his and his family's attempts, has limited knowledge of the English language, and institutional lockdowns and limited movement impeded obtaining access to legal assistance and pursuing habeas relief in timely manner. **ECF No. 3-1** at 2-4. Such arguments, however, are insufficient to warrant equitable tolling of AEDPA's period of limitations.

The doctrine of equitable tolling provides that, in exceptional circumstances, a statute of limitations "may be extended for equitable reasons not acknowledged in the statute creating the limitations period." *Ramos-Martínez v. United States*, 638 F.3d 315, 321 (1st Cir. 2011). The limitations period may be equitably tolled if the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted). "A habeas petitioner bears the burden of establishing the basis for equitable tolling." *Riva v. Ficco*, 615 F.3d 35, 39 (1st Cir. 2010) (*citing Holland*, 560 U.S. at 649). Equitable tolling is available only in cases in which "circumstances beyond the litigant's control have prevented him from promptly filing." *Cordle v. Guarino*, 428 F.3d 46, 48 (1st Cir. 2005) (citations omitted). A court's power to invoke equitable tolling must be exercised case by case. *Ramos-Martínez*, 638 F.3d at 322.

Petitioner has not shown that equitable tolling applies here. Although petitioner mentions that he and his family tried to contact his prior attorney and to enlist the assistance of fellow inmates proficient in English who could help him, he fails to mention an approximate date of such attempts for purposes of showing an exercise of reasonable diligence within the one-year statute of limitations to file a timely §2255 petition. *See Torres-Santiago v. United States*, 865 F. Supp. 2d 168, 176 (D.P.R. 2012) (finding that petitioner failed to show reasonable diligence because he did not establish that he had requested the assistance of a fellow inmate or previous counsel within the one-year statute of limitations).

Likewise, from the record the Court gleans no extraordinary circumstance that stood in petitioner's way, preventing a timely filing of a habeas petition. Aside from setting forth generalized allegations of "lockdowns" and "limited movement", petitioner does not provide specific factual allegations showing the date and duration of any of the lockdowns, or that his movements were limited to an extent amounting to extraordinary circumstances, preventing him from timely filing the petition within AEDPA's period of limitations. The First Circuit has held that "the usual problems inherent in being incarcerated do not justify equitable tolling." *Holmes v. Spencer*, 685 F.3d 51, 63 (1st Cir. 2012) (citing *Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir. 2003)); *see Ramírez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) (petitioner not entitled to equitable tolling simply because he remained in administrative segregation and had limited access to law library and copy machine); *Santana v. United States,* 939 F. Supp. 2d 109, 115 (D.P.R. 2013) (finding that a three-week period waiting for his personal belongings and papers to arrive at another

prison does not qualify as extraordinary circumstances which would support equitable tolling). Of particular relevance here, the appeals court noted that if courts "tolled AEDPA's limitation period every time a prisoner with no legal training had his library time strictly regulated, § 2244(d) might as well not exist; few prisoners are lawyers, and few prisons offer their occupants unfettered library access." *Holmes v. Spencer*, 685 F.3d at 63.

In the same manner, having difficulty with the English language and ignorance of the law even for incarcerated *pro se* prisoners, do not constitute extraordinary circumstances that justify tolling the time requirement in § 2255. *Santana*, 939 F. Supp. 2d at 115-116; *Cordle*, 428 F.3d at 49; *see also Delaney v. Matesanz*, 264 F.3d 7, 15 (1st Cir. 2001) (collecting cases). Absent equitable tolling, the petition is untimely, and dismissal is proper.

## III.   Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, a "district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant." Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C. § 2255.  To merit a COA, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*,

529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable

whether petitioner's claims should be denied as untimely. Accordingly, the COA is **DENIED**.

### IV.    Conclusion

Accordingly, the petition is **DENIED WITH PREJUDICE** as untimely. **ECF No. 3**. The

Clerk of the Court shall enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 10th day of February 2022.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**